IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **BILLY RAY HEGGIE,** | ) |
| **Plaintiff,** | ) |
| | ) No. 3:21-cv-00470 |
| v. | ) |
| | ) Judge Trauger |
| **MASTER CARD DIRECT EXPRESS.,** | ) |
| **Defendant.** | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Billy Ray Heggie, an inmate of the Dickson County Jail in Charlotte, Tennessee, brings this pro se action against Master Card Direct Express, alleging that the defendant failed to reimburse him after the plaintiff was the victim of identify theft. (Doc. No. 1). The plaintiff also filed an application to proceed in forma pauperis (Doc. No. 2) and a supplement to his complaint (Doc. No. 6).

The complaint as supplemented is before the Court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A.

## I. PLRA Screening Standard

Under 28 U.S.C. § 1915(e)(2)(B), the court must dismiss any portion of a civil complaint filed in forma pauperis that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. Section 1915A similarly requires initial review of any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," *id.* § 1915A(a), and summary dismissal of the complaint on the same grounds as those articulated in Section 1915(e)(2)(B). *Id.* § 1915A(b).

1

The court must construe a pro se complaint liberally, *United States v. Smotherman*, 838 F.3d 736, 739 (6th Cir. 2016) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)), and accept the plaintiff's factual allegations as true unless they are entirely without credibility. *See Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007) (citing *Denton v. Hernandez*, 504 U.S. 25, 33 (1992)). Although pro se pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), the courts' "duty to be 'less stringent' with pro se complaints does not require us to conjure up [unpleaded] allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

## II. Section 1983 Standard

Title 42 U.S.C. § 1983 creates a cause of action against any person who, acting under color of state law, abridges "rights, privileges, or immunities secured by the Constitution and laws . . . ." To state a claim under Section 1983, a plaintiff must allege and show two elements: (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. *Dominguez v. Corr. Med. Servs.,* 555 F.3d 543, 549 (6th Cir. 2009) (quoting *Sigley v. City of Panama Heights*, 437 F.3d 527, 533 (6th Cir. 2006)); 42 U.S.C. § 1983.

## III. Alleged Facts

The complaint alleges that the plaintiff was the victim of identify theft by Micheal and Crystal Russell. The Dickson County Sheriff's Department arrested the Russells. The plaintiff then completed the necessary steps required by his credit card holder, Mastercard Direct Express, to report the fraud and receive a refund of money stolen from him. According to the complaint, the

plaintiff is owed $2600.03. However, the complaint alleges that Mastercard Direct Express has not yet refunded the money to plaintiff. (Doc. Nos. 1 and 6).

**IV.   Analysis**

The complaint names only one defendant to this action: Mastercard Direct Express.

Section 1983 allows individuals to bring a federal lawsuit against any person who, acting under color of state law, deprives an individual of any right, privilege or immunity secured by the Constitution or federal laws. *Burnett v. Grattan*, 468 U.S. 42, 45 n.3 (1984); *Stack v. Killian*, 96 F.3d 159, 161 (6th Cir. 1996). A plaintiff generally cannot sue a private company or individual for violations of his constitutional rights. *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999). Whether state action is present in a case involving private citizens depends on whether the conduct allegedly causing the deprivation of a federal right can be fairly attributable to the state. *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982). The "under color of state law" element of Section 1983 excludes from its reach private conduct, no matter how discriminatory or wrongful. *Am. Mfrs. Mut. Ins. Co.*, 526 U.S. at 50.

Here, there are no allegations in the complaint suggesting that the conduct of defendant Mastercard Direct Express can be attributed to the state. Further, the allegations do not allege that the defendant deprived the plaintiff of a federal constitutional right. Consequently, the complaint fails to state a claim upon which relief can be granted under Section 1983, and this action must be dismissed.

This dismissal, however, does not affect the plaintiff's ability to pursue claims against Mastercard Direct Express in state court.

## V.     Conclusion and Order

From a review of the plaintiff's application to proceed in forma pauperis,[1] it appears that he lacks sufficient financial resources from which to pay the full filing fee in advance. Therefore, his application (Doc. No. 2) is **GRANTED**.

Under § 1915(b), the plaintiff nonetheless remains responsible for paying the full filing fee. The obligation to pay the fee accrues at the time the case is filed, but the PLRA provides prisoner-plaintiffs the opportunity to make a "down payment" of a partial filing fee and to pay the remainder in installments. Accordingly, the plaintiff is hereby assessed the full civil filing fee, to be paid as follows:

(1) The custodian of the plaintiff's inmate trust fund account at the institution where he now resides is **DIRECTED** to submit to the Clerk of Court, as an initial payment, "20 percent of the greater of – (a) the average monthly deposits to Plaintiff's account; or (b) the average monthly balance in the plaintiff's account for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(b)(1).

(2) After the initial filing fee is fully paid, the trust fund officer must withdraw from the plaintiff's account and pay to the Clerk of this Court monthly payments equal to 20% of all deposits credited to the plaintiff's account during the preceding month, but only when the amount in the account exceeds $10. Such payments must continue until the entire filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

---

[1] The plaintiff alleges that employees of the Dickson County Jail refuse to provide him with a certified inmate trust fund account statement. (Doc. No. 8). The court accepts the plaintiff's allegations and finds that the materials he submitted with his application are sufficient under the circumstances to establish his pauper status.

(3) Each time the trust account officer makes a payment to this court as required by this order, he or she must print a copy of the prisoner's account statement showing all activity in the account since the last payment made in accordance with this order and submit it to the Clerk along with the payment. All submissions to the court must clearly identify the plaintiff's name and the case number as indicated on the first page of this order, and must be mailed to: Clerk, United States District Court, Middle District of Tennessee, 801 Broadway, Nashville, TN 37203.

The Clerk of Court is **DIRECTED** send a copy of this order to the administrator of inmate trust fund accounts at the Dickson County Jail to ensure that the custodian of the plaintiff's inmate trust account complies with that portion of 28 U.S.C. § 1915 pertaining to the payment of the filing fee. If the plaintiff is transferred from his present place of confinement, the custodian of his inmate trust fund account **MUST** ensure that a copy of this order follows the plaintiff to his new place of confinement for continued compliance with this order.

Having screened the complaint pursuant to the PRLA, the court finds that the complaint fails to state claims upon which relief may be granted. 28 U.S.C. § 1915A. This action, therefore, is **DISMISSED**.

Because an appeal would not be taken in good faith, the plaintiff is not certified to pursue an appeal from this judgment in forma pauperis. 28 U.S.C. § 1915(a)(3).

This is the final Order denying all relief in this case. The Clerk **SHALL** enter judgment. Fed. R. Civ. P. 58(b).

It is so **ORDERED**.

_____
Aleta A. Trauger
United States District Court Judge